■ GLENDORA, Appellant, v CBS, INC., et al., Respondents. [624 NYS2d 254] —In an action, *inter alia,* to recover damages for negligence, slander, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Westchester County, (Rosato, J.), entered September 22, 1993, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and denied the plaintiff's cross motion for leave to enter a default judgment or for summary judgment.

Ordered that the order is affirmed, with costs.

In March 1993 the defendants informed the plaintiff that they would not sell her air time to broadcast her television commercial because the commercial did not "meet the high overall production quality standards necessary for broadcast on the Network". Our review of the challenged statement convinces us that it was not reasonably susceptible of a defamatory meaning *(see generally, Liberman v Gelstein,* 80 NY2d 429). In any event, the challenged statement was protected by a qualified privilege *(see generally, Liberman v Gelstein, supra).* Additionally, the defendants were not negligent in denying the plaintiff access to the public airwaves since the defendants did not owe a duty of care to the plaintiff to accept her commercial for broadcast *(see, Febesh v Elcejay Inn Corp.,* 157 AD2d 102, 104).

We also find that the plaintiff failed to allege the type of conduct sufficient to support a cause of action for intentional infliction of emotional distress. To state an action for intentional infliction of emotional distress, the conduct complained of must be so outrageous and extreme in degree as to surpass the limits of decency and be regarded as intolerable in a civilized society *(see, Fischer v Maloney,* 43 NY2d 553). The plaintiff's allegations, *inter alia,* that the defendants refused to respond to all of her questions and failed to return all of her telephone calls, when taken as a whole, do not rise to such an extreme or outrageous level as to meet the threshold required to sustain the tort of intentional infliction of emotional distress *(see, Liebowitz v Bank Leumi Trust Co.,* 152 AD2d 169, 181-183).

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.