■ RIZWAN GONDAL et al., Appellants, v NEW YORK STOCK EXCHANGE et al., Respondents, et al., Defendants. [809 NYS2d 912]—

Judgment, Supreme Court, New York County (Carol Edmead, J.), entered January 5, 2005, in an action by plaintiffs investment advisors seeking, inter alia, a breakup of defendant New York Stock Exchange (NYSE) such that its regulatory part would be a separate entity, and vacatur of a judgment confirming an arbitration award against plaintiffs rendered in an arbitration administered by NYSE (*Matter of Naroor v Gondal*, 17 AD3d 142 [2005], *appeal dismissed* 5 NY3d 757 [2005]), inter alia, dismissed the complaint, enjoined plaintiffs from making any further filings or motions in any way related to the matters discussed in the complaint except in connection with this appeal, and compelled arbitration of certain of plaintiffs' claims

against defendants Schwab & Co. and Wynne, unanimously affirmed, without costs.

Plaintiffs were properly compelled to arbitrate their claims relating to the service agreement alleging, in essence, that Schwab improperly terminated their use of its trading services. No issues of fact exist as to whether the arbitration clause in the service agreement was induced by fraud (*see Baker v Paine, Webber, Jackson & Curtis, Inc.*, 637 F Supp 419, 421 [1986]). Plaintiffs' other claims are either barred by the prior judgment confirming the award (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455-456 [1985]), barred by the absolute immunity for arbitral acts and statements enjoyed by the arbitrators, lawyers and other participants in the arbitration (*see Mireles v Waco*, 502 US 9, 11 [1991]; *Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 209-210 [1983]), or without merit. Concur—Tom, J.P., Saxe, Nardelli, Williams and Gonzalez, JJ.