■ JANET CALLAGHAN, Respondent, v GERARD A. CALLAGHAN, Defendant. CURTIS & ASSOCIATES, P.C., Nonparty Appellant. [852 NYS2d 273]—

In an action for a divorce and ancillary relief, the plaintiff's former attorney, Curtis & Associates, P.C., appeals from an order of the Supreme Court, Westchester County (Montagnino, R.), dated November 3, 2005, which, after a hearing, denied its motion to establish a charging lien pursuant to Judiciary Law § 475 in the amount of $373,030.06.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the plaintiff's former attorney Curtis & Associates, P.C., which was for a charging lien pursuant to Judiciary Law § 475 is granted, and the matter is remitted to the Supreme Court, Westchester County, for a hearing in accordance herewith.

An attorney who is discharged without cause before the completion of services may recover the reasonable value of his

or her services in quantum meruit (*see Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 44 [1990]; *Teichner v W & J Holsteins,* 64 NY2d 977, 979 [1985]; *Bruk v Albin,* 270 AD2d 441, 442 [2000]). An attorney who is discharged for cause, however, is not entitled to compensation or a lien (*see Campagnola v Mulholland, Minion & Roe,* 76 NY2d at 44; *Teichner v W & J Holsteins,* 64 NY2d at 979; *Orendick v Chiodo,* 272 AD2d 901, 902 [2000]; *Cohen v Cohen,* 183 AD2d 802, 804 [1992]).

Here, the plaintiff's claims with respect to the conduct of her former attorney, the nonparty Curtis & Associates, P.C. (hereinafter Curtis), consist solely of dissatisfaction with reasonable strategic choices regarding litigation. Such choices do not, as a matter of law, constitute cause for the discharge of an attorney (*see Rosner v Paley,* 65 NY2d 736, 738 [1985]; *Morrison Cohen Singer & Weinstein v Zuker,* 203 AD2d 119 [1994]). Thus, the plaintiff failed to establish a discharge for cause, and the Supreme Court incorrectly determined that Curtis was not entitled to any attorney's fee.

Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing and determination on the fair and reasonable value of the services rendered (*see Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457-458 [1989]), whatever that amount may be. In making that determination, "the court should consider 'evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services' " (*Padilla v Sansivieri,* 31 AD3d 64, 67 [2006], quoting *Rosenzweig v Gomez,* 250 AD2d 664 [1998]; *see Potts v Hines,* 144 AD2d 189, 190 [1988]). Spolzino, J.P., Lifson, Santucci and Covello, JJ., concur.