■ HASTY HILLS STABLES, INC., et al., Respondents, v DORFMAN, LYNCH, KNOEBEL & CONWAY, LLP, Formerly Known as DORFMAN, LYNCH & KNOEBEL, Appellant. [860 NYS2d 182]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Liebowitz, J.), dated February 7, 2007, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging legal malpractice as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice as time-barred is granted.

The plaintiffs, tenant Hasty Hills Stables, Inc. (hereinafter Hasty Hills), and its president James Barnard, retained the defendant law firm on September 24, 1996 to represent them in connection with the owner's sale of a 130-acre property, on which Hasty Hills operated a stable. Barnard sought to ensure that the purchaser, the Town of Clarkstown, assumed, as lessor, a 50-year lease which Barnard and the seller had executed on

August 7, 1996. The Town assumed the lease at the closing on October 10, 1996 until it sold the property to a new owner in July 2001. The new owner exercised a defeasance clause in the lease which permitted it to terminate the lease, and Hasty Hills was evicted in May 2003. On January 25, 2005 the plaintiffs commenced this action, inter alia, to recover damages for legal malpractice based on the defendant's failure to advise them about the defeasance clause and to eliminate the clause before the closing in 1996 or at any time thereafter.

The defendant argues that the cause of action alleging malpractice is time-barred because it accrued with the closing on October 10, 1996, and the complaint was filed on January 25, 2005 after the three-year statute of limitations expired on October 10, 1999. The plaintiffs contend that the defendant's representation continued in the subject matter of the alleged malpractice until May 20, 2004 when the defendant confirmed the termination of their professional relationship, and therefore that the action is timely.

Summary judgment based on the defense of the statute of limitations requires that a defendant make a prima facie showing that an action alleging legal malpractice was filed more than three years after the cause of action accrued (see CPLR 214 [6]; Rachlin v LaRossa, Mitchell & Ross, 8 AD3d 461 [2004]), when "all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court" (McCoy v Feinman, 99 NY2d 295, 301 [2002] [internal quotation marks omitted]). An action alleging legal malpractice is deemed to accrue on the date the malpractice was committed, not when it was discovered (see Shumsky v Eisenstein, 96 NY2d 164, 166 [2001]).

Under the doctrine of "continuous representation," the three-year statute of limitations for legal malpractice is tolled while the attorney continues to represent the client in the same matter, after the alleged malpractice is committed (see Shumsky v Eisenstein, 96 NY2d at 168). The parties must have a "mutual understanding" that further representation is needed with respect to the matter underlying the malpractice claim (McCoy v Feinman, 99 NY2d at 306).

Here, the defendant established its prima facie entitlement to summary judgment dismissing the legal malpractice cause of action by demonstrating that the statute of limitations expired on October 10, 1999 (see CPLR 214 [6]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the statute of limitations was tolled by the continuous representation doctrine (cf. Shumsky v Eisenstein, 96 NY2d at 168). The defendant's subsequent representation of the plaintiffs in matters unrelated

to the specific matter that gave rise to the alleged malpractice was insufficient to toll the statute of limitations (*see Rachlin v LaRossa, Mitchell & Ross,* 8 AD3d 461 [2004]; *Dignelli v Berman,* 293 AD2d 565 [2002]). Consequently, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice as time-barred.

In light of our determination, we need not address the defendant's remaining contentions. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.