■ In the Matter of SUSAN E. RUDOLPH, Deceased. CHARLES M. GARCIA, Respondent; EDITH KORN, Appellant. [874 NYS2d 250]—

In a contested probate proceeding, the objectant, Edith Korn, appeals from an order and decree (one paper) of the Surrogate's Court, Westchester County (Scarpino, S.), dated September 6, 2007, which, upon a decision of the same court dated August 13, 2007, granted the petitioner's motion for summary judgment dismissing her objections to probate based on lack of testamentary capacity and undue influence, and admitted the will to probate.

Ordered that the order and decree is affirmed, with costs to the petitioner payable by the appellant personally.

The Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection of Edith Korn (hereinafter the objectant) to the probate of the last will and testament of the decedent, Susan E. Rudolph, based on lack of testamentary capacity. In opposition to the petitioner's prima facie showing that the decedent was alert and of sound mind at the time of the execution of the will, and that she knew the nature of the act she was performing, the extent of her property, and the natural objects of her bounty, the objectant failed to raise a triable issue of fact as to the decedent's alleged lack of testamentary capacity (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]; *Matter of Malan*, 56 AD3d 479 [2008], *lv denied* 12 NY3d 702 [2009]; *Matter of Tuccio*, 38 AD3d 791, 792 [2007]; *cf. Matter of Ruparshek*, 36 AD3d 998, 999-1000 [2007]).

The Surrogate's Court also properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection based on alleged undue influence. The

record as a whole establishes that the decedent, although suffering from terminal cervical and ovarian cancer, "was alert, strong-minded, and financially, mentally, and emotionally independent" when she executed the will (*Matter of Zirinsky,* 43 AD3d 946, 948 [2007]; *see Matter of Walther,* 6 NY2d 49, 53-54 [1959]). In opposition to the petitioner's prima facie showing that the decedent's signature on the will was not procured by undue influence, the objectant failed to raise a triable issue of fact (*see Matter of Zirinsky,* 43 AD3d at 948; *cf. Matter of Neary,* 44 AD3d 949, 950-951 [2007]; *Matter of Delyanis,* 252 AD2d 585, 585-586 [1998]). Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.