■ STEVEN WEISS et al., Appellants-Respondents, v DELOITTE & TOUCHE, LLP, et al., Respondents-Appellants, et al., Defendants. [882 NYS2d 229]—

In an action to recover damages for negligence and breach of contract, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated November 14, 2007, as granted that branch of the motion of the defendants Deloitte & Touche, LLP, and Deloitte Tax, LLP, which was to dismiss, as time-barred, the amended complaint insofar as asserted against them relating to their allegedly negligent review of tax returns previously prepared by the defendants Bernard Rudin and B. Rudin & Company, P.C. and (2) from an order of the same court dated March 20, 2008, which denied their motion, denominated as one for leave to renew and reargue, but which was, in actuality, for leave to reargue, and the defendants Deloitte & Touche, LLP, and Deloitte Tax, LLP, cross-appeal, as limited by their brief, from so much of the order dated November 14, 2007, as denied their motion to dismiss the remaining claims in the amended complaint.

Ordered that the appeal from the order dated March 20, 2008, is dismissed, without costs or disbursements.

Ordered that the order dated November 14, 2007, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Philip L. Carret, who died in 1998, left assets to his heirs through, inter alia, Cobron & Company (hereinafter Cobron), a business trust in Massachusetts. On or about July 22, 2005, Donald Carret and Anne Carret (hereinafter together the Carrets), individually and as executors of the Estate of Philip L. Carret, by the filing of a summons with notice, commenced this action to recover damages for negligence and breach of contract against the defendant Deloitte & Touche, LLP (hereinafter Deloitte). The complaint was filed on or about October 3, 2006. An answer was interposed on behalf of Deloitte on or about November 8, 2006. By order of the Supreme Court, Westchester County (Giacomo, J.), entered January 11, 2007, after an assignment of claims, CBN Share Redemption Liquidating Trust (hereinafter CBN) was substituted as plaintiff in place of the Carrets. In an order entered June 15, 2007, the Supreme Court,

without opposition, granted, inter alia, CBN's motion to serve a supplemental summons to add Bernard Rudin and B. Rudin & Company, P.C. (hereinafter together Rudin), and Deloitte Tax, LLP (hereinafter Deloitte Tax) as defendants, to add an individual representative of Cobron as a plaintiff, and in effect, to substitute a trustee of CBN for CBN as a plaintiff. Over Deloitte's objection, the Supreme Court also granted the plaintiffs leave to serve an amended complaint adding claims relating to certain tax returns prepared and advice given for years prior to 2004, and granted leave to Deloitte to move for summary judgment following joinder of issue on the amended complaint "if there is a basis to seek summary judgment."

Thereafter Deloitte and Deloitte Tax (hereinafter together D & T) filed a pre-answer motion to dismiss the amended complaint in its entirety. The Supreme Court granted that branch of D & T's motion which was to dismiss, as time-barred, the claims relating to advice D & T provided after it reviewed the tax returns prepared by Rudin and denied that branch of D & T's motion which was to dismiss the remaining claims, finding that, in effect, the plaintiffs' allegations in their amended complaint stated a cause of action. The plaintiffs' subsequent motion, denominated as one for leave to renew and reargue, was denied.

The appeal from the order dated March 20, 2008, must be dismissed. The plaintiffs' motion, denominated as one for leave to renew and reargue, was, in actuality, one for leave to reargue, because it was not based on new facts and was based on the plaintiffs' assertion that the court misapprehended the facts (*see* CPLR 2221 [d] [2]; [e] [2]; *Dess v LRM Bldrs., LLC,* 56 AD3d 716 [2008]; *Somma v Richardt,* 52 AD3d 813, 813 [2008]; *Cordero v Mirecle Cab Corp.,* 51 AD3d 707, 708 [2008]). An order denying a motion for leave to reargue is not appealable (*see Somma v Richardt,* 52 AD3d at 813; *Cordero v Mirecle Cab Corp.,* 51 AD3d at 708).

An action to recover damages for professional malpractice must be commenced within three years of the date of accrual (*see* CPLR 214 [6]). "In the context of a malpractice action against an accountant, the claim accrues upon the client's receipt of the accountant's work product since this is the point that a client reasonably relies on the accountant's skill and advice" (*Ackerman v Price Waterhouse,* 84 NY2d 535, 541 [1994]; *see generally Williamson v PricewaterhouseCoopers LLP,* 9 NY3d 1, 9 [2007]).

The continuous representation doctrine applies to malpractice allegedly committed by professionals and operates to toll the

running of the statute of limitations until the ongoing representation is completed (*see Shumsky v Eisenstein,* 96 NY2d 164, 167-168 [2001]; *Hasty Hills Stables, Inc. v Dorfman, Lynch, Knoebel & Conway, LLP,* 52 AD3d 566, 567 [2008]). In determining whether the doctrine applies, the concern is whether there has been continuous representation, and not merely a continuing general relationship between the parties (*see Williamson v PricewaterhouseCoopers LLP,* 9 NY3d at 9; *Shumsky v Eisenstein,* 96 NY2d at 168; *National Life Ins. Co. v Hall & Co. of N.Y.,* 67 NY2d 1021, 1023 [1986]). "The continuous representation doctrine tolls the statute of limitations only where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman,* 99 NY2d 295, 306 [2002]).

Here, the malpractice action relating to the advice D & T provided regarding the income tax returns of Cobron and Company for the years 1999, 2000, and 2001, that were prepared by Rudin accrued on June 24, 2002, when D & T delivered a letter of that date to Donald Carret setting forth the findings of D & T's review. The plaintiffs' claim relating to D & T's advice regarding those tax returns was time-barred since the plaintiffs commenced this action more than three years after the alleged malpractice was committed. For reasons other than those cited by the Supreme Court, we find that the continuous representation doctrine did not toll the statute of limitations. D & T's subsequent representation of the plaintiffs involved "matters unrelated to the specific matter that gave rise to the alleged malpractice" (*Hasty Hills Stables, Inc. v Dorfman, Lynch, Knoebel & Conway, LLP,* 52 AD3d at 567-568; *see Williamson v PricewaterhouseCoopers LLP,* 9 NY3d at 9; *McCoy v Feinman,* 99 NY2d 295, 306 [2002]; *Giarratano v Silver,* 46 AD3d 1053, 1055 [2007]).

Contrary to D & T's position, the Supreme Court properly found that the remaining allegations in the amended complaint were "sufficiently particular to give [D & T] notice of the transaction, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (CPLR 3013).

The parties' remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.