■ David B. Jacobs, Appellant, v Michael Mostow et al., Defendants, and Arthur Riegel et al., Respondents. [893 NYS2d 560]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly dismissed the complaint insofar as asserted against Arthur Riegel, the hearing officer at the plaintiff's disciplinary hearing, inasmuch as "arbitrators are immune from liability for acts performed in their arbitral capacity" (*Indemnity Ins. Co. of N. Am. v Mandell,* 30 AD3d 1129, 1130 [2006]; *see John Street Leasehold v Brunjes,* 234 AD2d 26 [1996]). The Supreme Court properly dismissed the complaint insofar as asserted against Steven Fayer, because the claims against him are barred by the doctrine of res judicata (*see Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481, 485 [1979]). The Supreme Court properly dismissed the complaint insofar as asserted against New York State United Teachers, Roosevelt Teachers' Association, Richard Shane, Neil Dudich, Lawrence Tenenbaum, and Jaspan Schlesinger Hoffman, LLP, because the causes of action against those defendants are barred by the applicable statutes of limitation (*see* CPLR 214 [5]; 215 [3]; 217 [2] [a]; *Waterman v Transport Workers' Union Local 100,* 176 F3d 150 [1999], *affg for reasons stated at* 8 F Supp 2d 363, 370-371 [1998]). The complaint was properly dismissed insofar as asserted against NCS Pearson, Inc., inasmuch as the plaintiff failed to state a cause of action against that defendant (*see* CPLR 3211 [a] [7]). The complaint was properly dismissed insofar as asserted against Randall Solomon in that, insofar as it alleged negligence or breach of contract, it failed to state a cause of action (*see* CPLR 3211 [a] [7]), and insofar as it alleged medical malpractice, it is barred by the statute of limitations (*see* CPLR 214-a). Furthermore, the complaint was properly dismissed insofar as asserted against the New York State Teachers' Retirement System, the State of New York Education Department, and the State of New York, inter alia, because the plaintiff failed

to comply with procedural requirements governing claims against the State and, in any event, failed to state a claim against those defendants (*see* CPLR 3211 [a] [7]).

The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.