■ Antonio Nicoletti et al., Plaintiffs, v City of New York, Respondent, and 42-24 235 St., LLC, Appellant, et al., Defendant. [909 NYS2d 117]—

In an action to recover damages for personal injuries, etc., the defendant 42-24 235 St., LLC, appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Queens County

(Kerrigan, J.), dated July 27, 2009, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint and cross claims insofar as asserted against it, and (2) from an order of the same court dated October 22, 2009, which denied its motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue.

Ordered that the appeal from the order dated October 22, 2009, is dismissed; and it is further,

Ordered that the appeal from so much of the order dated July 27, 2009, as granted those branches of the motion of the defendant City of New York which were for summary judgment dismissing the complaint and the cross claims of the defendant Heitz Landscape, Inc., insofar as asserted against it is dismissed, as the appellant is not aggrieved thereby (see Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order dated July 27, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the order dated October 22, 2009, must be dismissed. The motion by the defendant 42-24 235 St., LLC (hereinafter the appellant), denominated as one for leave to renew and reargue its opposition to the prior motion of the defendant City of New York for summary judgment, was, in actuality, one for leave to reargue, because it was not based on new facts (see CPLR 2221 [d] [2]). An order denying a motion for leave to reargue is not appealable (see Weiss v Deloitte & Touche, LLP, 63 AD3d 1045, 1047 [2009]; Somma v Richardt, 52 AD3d 813 [2008]; Cordero v Mirecle Cab Corp., 51 AD3d 707 [2008]).

The injured plaintiff and his wife, suing derivatively, commenced the instant action to recover damages for personal injuries against the City, the appellant, and Heitz Landscape, Inc. The plaintiffs allege that on February 21, 2007, the injured plaintiff sustained injuries when he slipped and fell on snow and ice covering a sidewalk located at 42-24 235th Street in Queens, which is owned by the appellant. Subsequently, the City moved for summary judgment on the ground, inter alia, that it was not liable as a matter of law pursuant to section 7-210 of the Administrative Code of the City of New York. The Supreme Court granted the City's motion.

In support of that branch of its motion which was for summary judgment dismissing the appellant's cross claims insofar as asserted against it, the City met its prima facie burden of establishing that it was not liable as a matter of law pursuant

to section 7-210 of the Administrative Code of the City of New York, with evidence that the injured plaintiff slipped and fell on the sidewalk abutting the appellant's property (*see* Administrative Code of City of NY § 7-210; *Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 520-521 [2008]). In opposition, the appellant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The appellant's contention that the injured plaintiff may have slipped and fallen on snow and ice on the curb in front of its property, not on the sidewalk abutting its property, is based on mere speculation, and is therefore insufficient to raise a triable issue of fact (*see Yan Quan Wu v City of New York*, 42 AD3d 451, 453 [2007]).

The appellant's remaining contention is without merit.

Accordingly, the Supreme Court correctly granted that branch of the City's motion which was for summary judgment dismissing the appellant's cross claims insofar as asserted against it. Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.