■ ROBERT DOVIAK et al., Respondents-Appellants, v FINKELSTEIN & PARTNERS, LLP, et al., Appellants-Respondents. [934 NYS2d 467]—

While working on a construction site, the plaintiff Robert Doviak (hereinafter Doviak) allegedly fell approximately 22 feet, sustaining severe injuries which rendered him permanently and totally disabled. Doviak and his wife (hereinafter together the plaintiffs), retained the defendant Finkelstein & Partners, LLP (hereinafter the Finkelstein Firm), to commence an action to recover damages for personal injuries (hereinafter the underlying action). The Finkelstein Firm ultimately obtained a jury verdict in favor of the plaintiffs and also brought a partially successful additur motion on their behalf. After judgment was entered in favor of the plaintiffs in the underlying action, the plaintiffs discharged the Finkelstein Firm and retained successor counsel.

With successor counsel, the plaintiffs appealed from the judgment to the Appellate Division, Third Department, and obtained further additur (*see Doviak v Lowe's Home Ctrs., Inc.*, 63 AD3d 1348 [2009]). The plaintiffs also commenced this action against

the Finkelstein Firm and several of its attorneys, namely, the defendants Andrew G. Finkelstein, Thomas C. Yatto, and Lawrence D. Lissauer (hereinafter, collectively with the Finkelstein Firm, the defendants) asserting causes of action to recover damages for, inter alia, legal malpractice and for a judgment declaring that the defendants were discharged for cause and were not entitled to collect attorneys fees or reimbursement of their disbursements in connection with their representation of the plaintiffs in the underlying action. The plaintiffs alleged a myriad of misdeeds and errors as the bases for these causes of action, including that the defendants failed to inform them of a structured settlement offer which exceeded not only the jury verdict, but the total award after further additur was obtained.

The plaintiffs moved, inter alia, for summary judgment on their declaratory judgment cause of action and the defendants cross-moved, in effect, for summary judgment dismissing the first seven causes of action and for summary judgment in their favor on the declaratory judgment cause of action. The Supreme Court denied the plaintiffs' motion and granted the defendants' cross motion only with respect to Lissauer. The Supreme Court also denied the plaintiffs' subsequent motion for leave to reargue or renew their motion for summary judgment on the declaratory judgment cause of action.

The appeal from so much of the order entered December 1, 2010, as denied that branch of the plaintiffs' motion which was for leave to reargue their motion for summary judgment must be dismissed, as no appeal lies from an order denying reargument (*see Schiano v Mijul, Inc.*, 79 AD3d 726 [2010]; *Nicoletti v City of New York*, 77 AD3d 715, 716 [2010]; *Weiss v Deloitte & Touche, LLP*, 63 AD3d 1045, 1047 [2009]).

In its order entered August 13, 2010, the Supreme Court correctly noted that the plaintiffs failed to submit various witnesses' signature pages or other evidence in support of their motion for summary judgment demonstrating compliance with the requirements of CPLR 3116 (a) (*see Marmer v IF USA Express, Inc.*, 73 AD3d 868, 869 [2010]; *Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]; *compare Moffett v Gerardi*, 75 AD3d 496, 498-499 [2010]). However, since the subject signature pages were submitted by the defendants in support of their cross motion for summary judgment, the Supreme Court properly considered the merits of the plaintiffs' motion.

A client has "an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney" (*Campagnola v Mulholland, Minion & Roe,*

76 NY2d 38, 43 [1990]; *see Coccia v Liotti*, 70 AD3d 747, 757 [2010]). "An attorney who is discharged for cause, however, is not entitled to compensation or a lien" (*Callaghan v Callaghan*, 48 AD3d 500, 501 [2008]; *see Campagnola v Mulholland, Minion & Roe*, 76 NY2d at 44; *Coccia v Liotti*, 70 AD3d at 757). An attorney who violates a disciplinary rule may be discharged for cause and is not entitled to any fees for services rendered (*see Quinn v Walsh*, 18 AD3d 638 [2005]; *Matter of Satin*, 265 AD2d 330 [1999]; *Yannitelli v Yannitelli & Sons Constr. Corp.*, 247 AD2d 271, 272 [1998], *cert denied sub nom. Heller v Yannitelli*, 525 US 1178 [1999]; *Pessoni v Rabkin*, 220 AD2d 732 [1995]; *Matter of Winston*, 214 AD2d 677 [1995]). Moreover, even " '[m]isconduct that occurs before an attorney's discharge but is not discovered until after the discharge may serve as a basis for a fee forfeiture' " (*Coccia v Liotti*, 70 AD3d at 757, quoting *Orendick v Chiodo*, 272 AD2d 901, 902 [2000]). This rule is intended to " 'promote public confidence in the members of an honorable profession whose relation to their clients is personal and confidential' " (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d at 44, quoting *Martin v Camp*, 219 NY 170, 176 [1916]). However, a client's "dissatisfaction with reasonable strategic choices regarding litigation" does not "as a matter of law, constitute cause for the discharge of an attorney" (*Callaghan v Callaghan*, 48 AD3d at 501; *see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561, 562 [2003]). In general, a hearing is required to determine whether a client has cause for discharging an attorney (*see Teichner v W & J Holsteins*, 64 NY2d 977, 979 [1985]; *Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 13 [2008]; *Byrne v Leblond*, 25 AD3d 640, 642 [2006]; *Hawkins v Lenox Hill Hosp.*, 138 AD2d 572 [1988]).

Here, as to the Finkelstein Firm, Andrew G. Finkelstein, and Thomas C. Yatto, neither the plaintiffs nor the defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law with respect to the declaratory judgment cause of action. There are triable issues of fact as to whether these defendants informed the plaintiffs of the settlement offer which exceeded the award after further additur (*see Boglia v Greenberg*, 63 AD3d 973, 975 [2009]). Likewise, the plaintiffs have not met their prima facie burden of proving that these defendants, either together or separately, committed errors severe enough to warrant a discharge for cause and a forfeiture of fees (*see Bryant v New York City Health & Hosps. Corp.*, 93 NY2d 592, 600-601 [1999]; *Matter of Rudolph*, 60 AD3d 685 [2009]; *Matter of Weltz*, 16 AD3d 428 [2005]; *Matter of Graham's Estate*, 63 NYS2d 572, 573-574 [1946]; *compare*

*Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 63 [2007]). The plaintiffs also rely on so-called "errors" which were, in fact, strategic choices which cannot support a discharge for cause (*see Callaghan v Callaghan*, 48 AD3d at 501), and rely on arguments which are improperly raised for the first time on appeal (*see Whitehead v City of New York*, 79 AD3d 858, 861 [2010]; *Weber v Jacobs*, 289 AD2d 226, 227 [2001]; *Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561 [1986]). Accordingly, the Supreme Court properly denied those branches of the plaintiffs' motion and the defendants' cross motion which were for summary judgment on the declaratory judgment cause of action with respect to the Finkelstein Firm, Andrew G. Finkelstein, and Thomas C. Yatto.

As to Lissauer, the Supreme Court properly granted that branch of the defendants' cross motion which was, in effect, for summary judgment dismissing the second through seventh causes of action insofar as asserted against Lissauer, as it was conceded that he did not participate in the acts that the plaintiffs rely upon to support those causes of action. However, Lissauer did participate in the drafting of the proposed and amended proposed judgments submitted in the underlying action. Accordingly, the defendants failed to establish their prima facie entitlement to judgment as a matter of law with respect to the cause of action alleging legal malpractice and for a declaratory judgment in favor of Lissauer, and the Supreme Court should have denied that branch of the defendants' cross motion which was, in effect, for summary judgment dismissing the first cause of action insofar as asserted against Lissauer and for summary judgment in favor of Lissauer on the declaratory judgment cause of action.

A motion pursuant to CPLR 2221 to renew "must be (1) based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*Matter of Nelson v Allstate Ins. Co.*, 73 AD3d 929, 929 [2010]; *see Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 391 [2008]). As this Court has recently stated, "[t]he requirement that a motion for renewal be based on new facts is a flexible one, and it is within the court's discretion to grant renewal upon facts known to the moving party at the time of the original motion 'if the movant offers a reasonable excuse for the failure to present those facts on the prior motion' " (*Gonzalez v Vigo Constr. Corp.*, 69 AD3d 565, 566 [2010], quoting *Matter of Surdo v Levittown Pub. School Dist.*, 41 AD3d 486, 486 [2007]; *see Renna v Gullo*, 19 AD3d 472, 473 [2005]). Nevertheless, a

motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Coccia v Liotti*, 70 AD3d at 753 [internal quotation marks omitted]).

Here, although the plaintiffs proffered a reasonable justification for their failure to submit the various witnesses' signature pages along with excerpts from their depositions in support of their motion for summary judgment, namely, that they had not yet been returned by the witnesses when the motion was filed (*compare Moffett v Gerardi*, 75 AD3d at 498-499), the signature pages did not constitute "new facts . . . that would change the prior determination," as the Supreme Court had already properly, under the circumstances of this case, reached the merits of the plaintiffs' motion despite their failure to submit the signature pages. Thus, the Supreme Court providently exercised its discretion in denying renewal on this basis. In addition, the plaintiffs did not proffer a reasonable justification for failing to submit, in the first instance, the other evidence submitted in support of the motion for renewal and, in any event, the evidence submitted would not have changed the prior determination. Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew.

The plaintiffs' remaining contention is without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.