11-3690-cv
Zhao v. Warnock

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand fourteen.

PRESENT:  AMALYA L. KEARSE,
          REENA RAGGI,
               *Circuit Judges,*
          EDWARD R. KORMAN,[*]
               *District Judge.*

------------------------------------------------------------------------

JIN ZHAO,

          *Plaintiff-Appellant,*

       v.                                 No. 11-3690-cv

SUSAN C. WARNOCK,

          *Movant-Appellee,*

HEALTH SCIENCE CENTER AT BROOKLYN FOUNDATION, INC.,

          *Defendant,*

STATE UNIVERSITY OF NEW YORK, STATE UNIVERSITY OF NEW YORK DOWNSTATE MEDICAL CENTER, OLCAY BATUMAN, DOCTOR,

          *Defendants-Cross-Defendants,*

------

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

RESEARCH FOUNDATION FOR THE STATE
UNIVERSITY OF NEW YORK,
                            *Defendant-Cross-Claimant*.
-----------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          Jin Zhao, pro se, Brooklyn, New York.

FOR MOVANT-APPELLEE:             Susan C. Warnock, Esq., New York, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*; Robert M. Levy, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Plaintiff-Appellant Jin Zhao, proceeding pro se, appeals from an award of attorney's fees to her former counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's order awarding attorney's fees for abuse of discretion, see Cabala v. Crowley, 736 F.3d 226, 229 (2d Cir. 2013), and we identify no such abuse in this case. Contrary to Zhao's argument, the retainer agreement does not violate public policy. Its provision that, if Zhao discharged counsel without cause before a settlement was reached, counsel would be entitled to a lien on the proceeds of any settlement commensurate to the time she spent on the matter, provides a remedy identical to that permitted under New York law. See N.Y. Jud. Ct. Acts Law § 475; Sequa Corp. v. GBJ Corp., 156 F.3d 136, 148 (2d Cir. 1998) ("It is undisputed that it was proper to determine the amount of [an attorney's] § 475 charging lien on a quantum meruit basis, ascertaining

the reasonable value of the legal services rendered up to the date of the . . . substitution of new counsel.").

Moreover, Zhao did not demonstrate either the "impropriety or misconduct" required to discharge counsel for cause. Garcia v. Teitler, 443 F.3d 202, 212 (2d Cir. 2006). The deficiencies Zhao identifies in counsel's representation "consist solely of dissatisfaction with reasonable strategic choices regarding litigation," and these "choices do not, as a matter of law, constitute cause for the discharge of an attorney." Callaghan v. Callaghan, 48 A.D.3d 500, 501, 852 N.Y.S.2d 273, 275 (2d Dep't 2008).

Zhao's contention that counsel's recovery is limited to one-third of the settlement is unsupported. Under New York law, attorneys who are retained under a contingency fee agreement are entitled to compensation in quantum meruit if they are discharged without cause. See Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259, 263 (2d Cir. 2004). There is no merit to Zhao's argument that counsel acted improperly by initially offering to accept one-third of the settlement Zhao had received from the defendants, and then moving for compensation in quantum meruit. Zhao rejected counsel's settlement offer, and counsel was entitled to pursue her available remedies. See Lai Ling Cheng v. Modansky Leasing Co., Inc., 73 N.Y.2d 454, 457–58, 541 N.Y.S.2d 742, 744 (1989) ("When a client discharges an attorney without cause, the attorney is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered whether that be more or less than the amount provided in the contract or retainer agreement.").

Nothing in the record supports Zhao's claim that the district judge and magistrate judge were biased. See Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

As to the remainder of Zhao's claims, after having reviewed her contentions on appeal and the record of proceedings below, we affirm for substantially the reasons stated by the district court in its memorandum and order.

Accordingly, it is hereby ORDERED that the district court's order is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court