██ Barry Siskin, Appellant, v Christopher J. Cassar et al., Respondents. [997 NYS2d 86]—

In an action, inter alia, to recover damages for negligence and breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated June 15, 2012, which, upon, among other things, an order of the same court dated December 21, 2011, inter alia, granting the separate

motions of the defendants Christopher J. Cassar, Christopher J. Cassar, Esq., Christopher J. Cassar, Attorney-at-Law, Christopher J. Cassar, Inc., Christopher J. Cassar, Co., Christopher J. Cassar, LLC, Eliza Pogue, and William Pogue, the defendants Harleysville and Harleysville Insurance Company, and the defendants American Arbitration Association and Sheila Paticoff pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them, in effect, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff commenced this action against Christopher J. Cassar, Christopher J. Cassar, P.C., Christopher J. Cassar, Esq., Christopher J. Cassar, Attorney-at-Law, Christopher J. Cassar, Inc., Christopher J. Cassar, Co., and Christopher J. Cassar, LLC (hereinafter collectively the Cassar defendants), Eliza Pogue and William Pogue (hereinafter together the Pogue defendants), Harleysville and Harleysville Insurance Company (hereinafter together the Harleysville defendants), and the American Arbitration Association and Sheila Paticoff (hereinafter together the AAA defendants). The plaintiff sought to recover, inter alia, a contingency fee related to the settlement of an arbitration of the Pogue defendants' underinsured motorist claim against the Harleysville defendants. The plaintiff alleged that the Pogue defendants engaged his services to prosecute a claim for personal injuries sustained by Eliza Pogue in an automobile accident, that he filed a demand for arbitration against the Harleysville defendants, that the arbitration was settled with the defendant Christopher J. Cassar, who was listed as the Pogue defendants' attorney, and that the Harleysville defendants issued a settlement check to the Cassar defendants and the Pogue defendants. At the time of the settlement, the plaintiff was suspended from the practice of law. Subsequently, he was disbarred from the practice of law.

Contrary to the plaintiff's contention, the Supreme Court did not err in considering the motion made by the Cassar defendants and the Pogue defendants to dismiss the complaint insofar as asserted against them (*see* CPLR 2001; *see also Matos v Schwartz*, 104 AD3d 650 [2013]).

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any

cognizable legal theory (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Nerey v Greenpoint Mtge. Funding, Inc.*, 116 AD3d 1015 [2014]; *Goldberg v Rosenberg*, 116 AD3d 919 [2014]). Where, however, a defendant has submitted evidence in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), and the motion has not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, "unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Xia-Ping Wang v Diamond Hill Realty, LLC*, 116 AD3d 767 [2014]). Dismissal pursuant to CPLR 3211 (a) (7) is warranted if the evidentiary proof disproves an essential allegation of the complaint, even if the allegations of the complaint, standing alone, could withstand a motion to dismiss for failure to state a cause of action (*see Korsinsky v Rose*, 120 AD3d 1307 [2014]; *Deutsche Bank Natl. Trust Co. v Sinclair*, 68 AD3d 914 [2009]).

Here, the complaint alleged that the Pogue defendants were liable to the plaintiff for libel and slander and for attorney's fees. The Supreme Court properly found that the complaint failed to state a cause of action alleging libel or slander against the Pogue defendants (*see* CPLR 3016 [a]; 3211 [a] [7]). In addition, the court properly determined that the plaintiff was not entitled to any attorney's fees from the Pogue defendants. A client has the right to discharge his or her attorney at any time (*see Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 43 [1990]; *Schultz v Hughes*, 109 AD3d 895, 896 [2013]; *Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 698 [2011]). While an attorney who is discharged without cause before the completion of services may recover the reasonable value of his or her services in quantum meruit, an attorney who is discharged for cause is not entitled to any compensation or lien (*see Campagnola v Mulholland, Minion & Roe*, 76 NY2d at 44; *Doviak v Finkelstein & Partners, LLP*, 90 AD3d at 699; *Callaghan v Callaghan*, 48 AD3d 500, 500-501 [2008]). Here, the court held a hearing pursuant to 22 NYCRR 603.13 (b) with respect to the plaintiff's cross motion for attorney's fees. The court determined that the plaintiff was properly discharged for cause, and, therefore, was not entitled to recover in quantum meruit. The plaintiff does not argue that the evidence at the hearing was insufficient to support the court's determination. Thus, the evidence submitted by the Pogue defendants disproved the essential allegation of the complaint, i.e., that the plaintiff was

not properly discharged for cause, and established that the plaintiff does not have a cause of action to recover attorney's fees from the Pogue defendants (*see generally Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38 [1990]; *Schultz v Hughes*, 109 AD3d 895 [2013]; *Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696 [2011]). Therefore, the Supreme Court properly dismissed the complaint insofar as asserted against the Pogue defendants.

With respect to the Cassar defendants, the complaint asserted causes of action under theories of negligence and breach of contract, and pursuant to Judiciary Law § 487. The evidence submitted by the Cassar defendants established that the plaintiff does not have a cause of action sounding in negligence against them because the Cassar defendants did not owe any duty of care to the plaintiff (*see Glendora v CBS, Inc.*, 213 AD2d 594 [1995]; *see generally Pulka v Edelman*, 40 NY2d 781 [1976]; *Palsgraf v Long Is. R.R. Co.*, 248 NY 339 [1928]; *Braverman v Bendiner & Schlesinger, Inc.*, 121 AD3d 353, 357-359 [2014]). The plaintiff also does not have a cause of action against the Cassar defendants alleging breach of contract, because there is no a contractual relationship or privity between them and the plaintiff (*see generally Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85 [2009]; *M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515 [1998]). The Cassar defendants also showed that the plaintiff does not have a cause of action against them pursuant to Judiciary Law § 487 (*see* Judiciary Law § 487). In addition, to the extent that the complaint can be read as asserting a claim against the Cassar defendants pursuant to Judiciary Law § 475, the Cassar defendants demonstrated that the plaintiff does not have a cause of action for such relief. While an attorney who is discharged without cause may recover the value of his or her services by way of a lien pursuant Judiciary Law § 475 (*see* Judiciary Law § 475; *Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 186 [2002]), an attorney who is discharged for cause, as here, is not entitled to any lien (*see Doviak v Finkelstein & Partners, LLP*, 90 AD3d at 699; *Callaghan v Callaghan*, 48 AD3d at 500-501; *see also Campagnola v Mulholland, Minion & Roe*, 76 NY2d at 44). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the Cassar defendants.

Considering the lack of any prejudice to the plaintiff as a result of the relatively short delay in the Harleysville defendants' appearance, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases

on the merits, the Supreme Court properly excused the Harleysville defendants' delay in appearing and providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against the Harleysville defendants (*see Zanelli v JMM Raceway, LLC*, 83 AD3d 697 [2011]; *Giha v Giannos Enters., Inc.*, 69 AD3d 564 [2010]; *Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d 673 [2006]).

With respect to the Harleysville defendants, the complaint asserted causes of action under theories of negligence and breach of contract. Here, the Supreme Court properly dismissed the complaint insofar as asserted against the Harleysville defendants based upon negligence because the complaint failed to allege facts which would establish that the Harleysville defendants owed a duty of care to the plaintiff (*see Glendora v CBS, Inc.*, 213 AD2d 594 [1995]; *see generally Pulka v Edelman*, 40 NY2d 781 [1976]; *Palsgraf v Long Is. R.R. Co.*, 248 NY 339 [1928]; *Braverman v Bendiner & Schlesinger, Inc.*, 121 AD3d 353 [2014]). In addition, the complaint failed to state a cause of action alleging breach of contract against the Harleysville defendants because the complaint failed to allege that there was a contractual relationship or privity between the Harleysville defendants and the plaintiff (*see generally Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d at 104; *M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515 [1998]). Moreover, to the extent that the complaint can be read as asserting a claim pursuant to Judiciary Law § 475, the court properly dismissed that cause of action insofar as against the Harleysville defendants for failure to state a cause of action (*see Doviak v Finkelstein & Partners, LLP*, 90 AD3d at 699; *Callaghan v Callaghan*, 48 AD3d at 500-501; *see also Campagnola v Mulholland, Minion & Roe*, 76 NY2d at 44). Thus, the Supreme Court properly dismissed the complaint insofar as asserted against the Harleysville defendants for failure to state a cause of action.

With respect to the AAA defendants, the complaint asserted causes of action under theories of negligence and breach of contract. " '[A]rbitrators are immune from liability for acts performed in their arbitral capacity' " (*Jacobs v Mostow*, 69 AD3d 575, 576 [2010], quoting *Indemnity Ins. Co. of N. Am. v Mandell*, 30 AD3d 1129, 1130 [2006]; *see Gondal v New York Stock Exch.*, 27 AD3d 271 [2006]; *John Street Leasehold v Brunjes*, 234 AD2d 26 [1996]). The evidence submitted by the AAA defendants in support of their motion to dismiss the complaint insofar as asserted against them disproved the es-

sential allegation of the complaint that the AAA defendants acted beyond the scope of their arbitral capacity, and established that the plaintiff does not have a cause of action sounding in negligence and breach of contract against them. Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the AAA defendants (*see Jacobs v Mostow*, 69 AD3d at 576; *Gondal v New York Stock Exch.*, 27 AD3d at 272; *John Street Leasehold v Brunjes*, 234 AD2d 26 [1996]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.