14-69-cv
*Zhao v. State University of New York, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           REENA RAGGI,
           RICHARD C. WESLEY,
                   *Circuit Judges,*

-------

JIN ZHAO,

          *Plaintiff-Appellant,*

                 v.                                        No. 14-69-cv

STATE UNIVERSITY OF NEW YORK; OLCAY BATUMAN,
DOCTOR; STATE UNIVERSITY OF NEW YORK
DOWNSTATE MEDICAL CENTER; RESEARCH FOUNDATION
FOR THE STATE UNIVERSITY OF NEW YORK,

          *Defendants-Appellees,*

SUSAN C. WARNOCK,

          *Appellee,*

HEALTH SCIENCE CENTER AT BROOKLYN
FOUNDATION, INC.,

          *Defendant.*

-------

**FOR PLAINTIFF-APPELLANT:**          Jin Zhao, *pro se*, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**          Oren L. Zeve, Assistant Solicitor General of the State of New York (Barbara D. Underwood, Solicitor General, and Michael S. Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause **REMANDED** for further proceedings.

Plaintiff-appellant Dr. Jin Zhao, proceeding *pro se*, appeals from the District Court's December 18, 2013 order denying two post-judgment motions for lack of jurisdiction.

Zhao worked as a postdoctoral research associate in a SUNY Downstate Medical Center laboratory from January 14 to October 25, 2002, when she was fired. In 2003, Zhao filed an employment discrimination suit. In October 2010, after extensive motion practice, the District Court set a trial date of January 10, 2011. On January 7, 2011, Zhao fired her attorney, Susan Warnock, and hired a new attorney. Trial began, as scheduled, on January 10, 2011. After a brief recess on the first day of trial, the parties informed the District Court that they had agreed to settle the case for $70,000. The terms of the settlement were placed on the record, and Zhao consented to them. On January 11, 2011, the District Court dismissed the case with prejudice.

Warnock, who was Zhao's attorney during most of the case, sought attorney's fees from Zhao. On August 15, 2011, the District Court awarded Warnock $57,000 in fees, concluding that Zhao fired Warnock without cause, and that Zhao's objections to Warnock's representation were unsupported and lacked substance. Zhao, acting *pro se*, appealed the District Court's fee award.

On December 12, 2013, while the fee award appeal was pending, Zhao filed two motions in the District Court. First, she requested a new trial in her underlying employment discrimination case, based on her claim that the settlement agreement was involuntary. Second, she moved to recuse the district judge and magistrate judge from the case. On December 18, 2013, the District Court entered a text order stating:

> Plaintiff's appeal and the issues raised in her recent submissions . . . are currently pending before the Second Circuit, with the case calendared for 1/21/2014. Accordingly, the Second Circuit has jurisdiction over the issues raised in plaintiff's

2

submissions, and this court will wait for the decision of the Second Circuit before entering an order to [distribute] funds from the Settlement Amount.

App. 88. On January 2, 2014, Zhao appealed the order.

On January 24, 2014, we affirmed the District Court's fee award to Warnock. *See Zhao v. Warnock*, 551 F. App'x 18 (2d Cir. 2014). On June 18, 2014, the District Court directed that the settlement proceeds be distributed to Zhao and Warnock.

We now consider Zhao's appeal from the District Court's December 18, 2013 text order. We construe the motions considered in that order to have been brought under Federal Rule of Civil Procedure 60(b), which provides for relief from a final judgment, order, or proceeding. We review orders concerning Rule 60(b) motions for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion" as including errors of law).[1]

Because we conclude that the District Court erred, we vacate its December 18, 2013 text order and remand for further proceedings. Although the District Court's order was less than clear, we construe it as a denial of Zhao's motions on the ground that the pending fee appeal divested the District Court of jurisdiction to consider Rule 60(b) motions. However, even after an appeal is filed, a "district court can entertain and *deny*" a Rule 60(b) motion. *See Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). More importantly, Zhao's motions challenged both the settlement agreement and the fee award, and only the fee award was on appeal. The filing of a notice of appeal only "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Because the fee appeal did not give us jurisdiction to consider the settlement agreement, the District Court retained jurisdiction over a motion seeking to vacate the settlement. *See New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) ("[W]e have held that the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal.").

According to defendants, even if the District Court erred, we should nonetheless affirm the denial of Zhao's motions on timeliness grounds. *See* Fed. R. Civ. P. 60(c)(1) (stating that a motion "must be made within a reasonable time"). Here, Zhao's motions were filed in December 2013, roughly 35 months after the January 2011 settlement. We previously ruled that a 26-month delay was "patently unreasonable . . . absent mitigating circumstances." *Kellogg v. Strack*, 269 F.3d 100, 104

---

[1] The District Court's order arguably implied that it would revisit Zhao's motions once the appeal from the fee order was decided; however, more than a year after the settlement proceeds were distributed, the District Court has yet to revisit Zhao's motions. Therefore, for jurisdictional purposes, we treat the District Court's order as final. *See* 28 U.S.C. § 1291.

3

(2d Cir. 2001); *see also Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (motion filed 18 months after judgment was not filed within a reasonable time).

We decline in the first instance to assess whether Zhao's delay here was justified by mitigating circumstances.[2]  On remand, the District Court is directed to assess whether Zhao's motions were timely under Rule 60(c) and, if so, whether the motions assert any valid grounds for relief under Rule 60(b).[3]

The District Court is thus directed to assess in the first instance whether Zhao's motions assert any valid grounds for relief under Rule 60(b), and whether these motions were timely under Rule 60(c).

We, of course, take no position on the merits, or lack thereof, of Zhao's motions.

## CONCLUSION

For the reasons stated above, the December 18, 2013 order of the District Court is **VACATED** and the cause **REMANDED** for further proceedings.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Defendants assert that Zhao's motions raise arguments under only one of Rule 60(b)'s specific clauses—"'mistake, inadvertence, surprise, or excusable neglect' under [subsection] (1)." *See* Defendants' Br. 21.  Motions under this clause, as well as under subsections (2) and (3), must be filed "no more than a year after the entry of the judgment or order." *See* Rule 60(c)(1).  We conclude, however, that Zhao's motions at least arguably raise claims that "the judgment is void," under subsection (4), or claims that fit within subsection (6), which states that a court may set aside a final judgment for "any other reason that justifies relief."

[3] Defendants assert that we have already rejected the arguments raised in Zhao's motions. We have not.  In the fee appeal, we ruled that Zhao discharged Warnock without cause and that there was no showing that the district judge and magistrate judge were biased. *Zhao*, 551 F. App'x at 19.  We have not yet had occasion, however, to address the validity of the settlement, which is the principal issue raised by Zhao's motions.

4