# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**452**

**CA 15-01647**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

CHRISTOPHER STEINHOFF, PLAINTIFF-RESPONDENT,

                        V                                    MEMORANDUM AND ORDER

MAGDA BAYOUMI, DEFENDANT.
-------------------------------------------
ALEXANDER & CATALANO, LLC, APPELLANT.

---

ALEXANDER & CATALANO, LLC, EAST SYRACUSE (JAMES L. ALEXANDER OF COUNSEL), FOR APPELLANT.

LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), dated April 29, 2015. The order extinguished the lien of Alexander & Catalano, LLC, and ordered a disbursement of settlement funds.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first ordering paragraph and vacating the second ordering paragraph to the extent that the settlement funds include attorneys' fees and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Appellant, Alexander & Catalano, LLC, appeals from an order that, among other things, extinguished its lien on plaintiff's personal injury settlement. Plaintiff hired appellant law firm to represent him in this action but, during the pendency of settlement negotiations, he discharged appellant and hired his present counsel. We agree with appellant that plaintiff failed to establish that he discharged appellant for cause inasmuch as plaintiff's allegations "consist solely of dissatisfaction with reasonable strategic choices regarding litigation" (*Callaghan v Callaghan*, 48 AD3d 500, 501; *see Nabi v Sells*, 82 AD3d 645, 646). An attorney who has been discharged without cause is entitled to recover the reasonable value of his or her services in quantum meruit (*see La Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457-458; *Siskin v Cassar*, 122 AD3d 714, 716). We therefore modify the order accordingly, and we remit the matter to Supreme Court for a hearing to determine the reasonable value of appellant's services. We reject appellant's contention that the matter must be remitted to a different Supreme Court justice inasmuch as appellant "failed to show the existence of any actual impropriety, prejudice, or bias with respect to the

aforementioned order" (*Matter of Serkez v Serkez*, 34 AD3d 592, 592; *see* Judiciary Law § 14).

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court