■ RICHARD BRILL, Respondent, v FRIENDS WORLD COLLEGE, Appellant.—In an action by an attorney to recover fees for legal services rendered, the defendant appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered October 30, 1986, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Plaintiff, an attorney, commenced the instant action to recover compensation for legal services he furnished to the defendant Friends World College in a prior action, captioned Friends World Coll. v Harmon, before an order of the Supreme Court, Suffolk County, was entered in that litigation, disqualifying him from representing the College. Since it was

obvious that plaintiff was to be called as a witness in the *Harmon* action, the court disqualified him because his legal representation of the College was violative of Canon 5, DR 5-102 (A) of the Code of Professional Responsibility.

The Supreme Court, Westchester County, erred in denying the defendant's motion for summary judgment, dismissing the plaintiff's complaint, for the reason that the plaintiff has no right, as a matter of law, to receive a fee from the College for legal services rendered in the *Harmon* action.

It is well settled that an attorney may not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a member of his firm ought to be called as a witness *(see,* Code of Professional Responsibility DR 5-101 [B]; *Solomon v New York Prop. Ins. Underwriting Assn.,* 118 AD2d 695; *Grasso v General Motors Corp.,* 101 Misc 2d 140). If an attorney learns, or it becomes obvious to him, after employment is undertaken, that he or a member of his firm ought to be called as a witness on behalf of his client, the attorney must withdraw *(see,* Code of Professional Responsibility DR 5-102 [A]; *People v Paperno,* 54 NY2d 294). In this regard, it was incumbent upon the plaintiff to refrain from bringing the prior action on behalf of the College where he was fully aware, from the time he instituted the lawsuit, that he would be called as a key witness in that case. Insofar as conduct which violates the Disciplinary Rules constitutes misconduct, it is clear that the plaintiff was disqualified from the case for cause. Therefore, he is not entitled to a legal fee for any services rendered *(see, Kyle v Kyle,* 94 AD2d 866, *lv denied* 60 NY2d 557; *Williams v Hertz Corp.,* 75 AD2d 766; *Brill v Chien Yuan Kao,* 61 AD2d 1000). Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.