[604 NYS2d 974]

In the Matter of MELVIN M. PINE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 13, 1993

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with one allegation of professional misconduct. The Special Referee sustained the charge and the Grievance Committee moves to sustain the report of the Special Referee. The respondent cross-moves for an order disaffirming the Special Referee's report.

Charge One alleged that the respondent engaged in a conflict of interest by acting as both attorney and mortgage broker in a mortgage refinancing transaction and failed to exercise independent professional judgment on behalf of his client. On or about June 29, 1988, Nadine Fontanilla signed a contract with Larry Cholost of Vanguard Roofing and Siding for the installation of new windows in her home at a cost of $12,300.

On or about August 2, 1988, Ms. Fontanilla entered into a second contract with Vanguard for the installation of new siding on her house at a cost of $19,900. Mr. Cholost, a long-time friend of the respondent, referred the respondent to the complainant to arrange for the financing for her home improvements. The respondent identified himself to the complainant as an attorney.

The respondent completed a mortgage loan application on which Mint Resources, Inc. (hereinafter Mint) was listed as the submitting broker and the respondent was listed as borrower's attorney. The respondent is the principal of Mint, a mortgage brokerage company.

At the closing, on or about September 20, 1988, Mint was paid $1,950 (3% of the $65,000 loan) from the mortgage loan proceeds pursuant to a "Customer Agency and Fee Agreement" between Mint and Ms. Fontanilla. At the closing, checks in the amounts of $650 (1% of the $65,000 loan) and $3,903.39 were issued to Ms. Fontanilla. At the respondent's request, Ms. Fontanilla endorsed the $650 check over to him for payment of legal services.

Vanguard was paid $33,565 ($32,200 plus $1,365 borrowed from Vanguard to cover expenses relating to the refinancing) at the closing prior to the commencement of any work on Ms. Fontanilla's house.

Ms. Fontanilla's monthly mortgage payments increased after the refinancing, from approximately $267 to $700. On her limited income, Ms. Fontanilla soon faced foreclosure and bankruptcy.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) and DR 5-101 (A) (22 NYCRR 1200.20 [a]).

Upon a review of the evidence adduced, we conclude that the Special Referee properly found that while the complainant's testimony was frequently in conflict with that of the respondent and the complainant was forgetful as to a number of details, the charge was sustained by a preponderance of the evidence. The respondent is guilty of the professional misconduct alleged. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we note that the respondent has asserted no mitigating factors other than the complainant's own culpability. By acting as both mortgage broker and attorney, the respondent engaged in a clear conflict of interest and disabled himself from exercising the individual professional judgment to which his client was entitled. Under the circumstances, the respondent is suspended from the practice of law for three years.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the cross motion to disaffirm is denied; and it is further,

Ordered that the respondent, Melvin M. Pine, is suspended from the practice of law for a period of three years, commencing January 12, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the

period of suspension and until the further order of this Court, the respondent, Melvin M. Pine, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.