■ In the Matter of the Estate of HARRY WINSTON, Deceased. RONALD WINSTON, Appellant, et al., Petitioners; ROGERS & WELLS, Respondent, et al., Respondent. [625 NYS2d 927] —In a proceeding for the construction of a will, the petitioner Ronald Winston appeals from an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated January 21, 1994, which denied his motion for summary judgment dismissing the claim by the respondent Rogers & Wells for attorneys' fees.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the branch of the petitioner's motion which was for summary judgment dismissing the respondent's claim for legal fees from March 26, 1990, to December 31, 1990, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the petitioner.

"[A]n attorney who engages in misconduct by violating the Disciplinary Rules is not entitled to legal fees for any services rendered" *(Shelton v Shelton,* 151 AD2d 659). Here, Rogers & Wells' representation of Bankers Trust Company of New York, against former client Ronald Winston's wishes, violated the Code of Professional Responsibility *(see,* e.g., Code of Professional Responsibility DR 5-108 [A] [1] [22 NYCRR 1200.27 (a) (1)]). Accordingly, the firm may not recover legal fees from March 26, 1990, until December 31, 1990 *(see, Brill v Friends World Coll.,* 133 AD2d 729; *Matter of Klenk,* 151 Misc 2d 863, *affd* 204 AD2d 640; *Matter of Merrick,* 107 Misc 2d 988; *Estate of Abel,* NYLJ, Oct. 23, 1992, at 26, col 3). However, there are questions of fact as to whether the firm is entitled to compensation for legal services rendered from

January 25, 1990, until March 25, 1990. Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.