■ In the Matter of the Estate of JAMES B. STUART, Deceased. THEODORE O. PROUNIS, Appellant-Respondent; HELEN H. BENDER et al., Respondents-Appellants; CYNTHIA STUART, Respondent. [690 NYS2d 644] —In a proceeding to settle the account of the estate of the decedent James B. Stuart, Theodore O. Prounis appeals, as limited by his brief, from stated portions of a decree of the Surrogate's Court, Suffolk County (Prudenti, S.), dated January 12, 1998, which, *inter alia*, directed him to return legal fees he received, and the petitioners Helen Hadjiyannakis Bender and Elizabeth Stuart Chandra cross-appeal from stated portions of the same decree.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that the petitioners are awarded one bill of costs payable by the appellant personally.

Contrary to the appellant's contention, the New York Constitution grants the Surrogate's Court jurisdiction over "all actions and proceedings relating to the affairs of decedents, probate of wills [and] administration of estates", and authorizes the court to exercise such equity jurisdiction as provided by law in fulfilling those responsibilities (NY Const, art VI, § 12 [d], [e]; *see also,* SCPA 201; *see also, Matter of Stortecky v Mazzone,* 85 NY2d 518). Here, the evidence demonstrated that the appellant, while acting in a trusted role as the decedent's attorney and friend, misrepresented to the court that the funds of the estate were intact and that he would immediately turn

them over to the estate, when, in fact, he had spent much of the money. Accordingly, the Surrogate did not exceed her discretion in finding that he was not entitled to any compensation and directing him to return the legal fees he received (*see, Pessoni v Rabkin,* 220 AD2d 732; *Matter of Winston,* 214 AD2d 677).

The appellant's remaining contentions are without merit. Santucci, J. P., Krausman, Goldstein and Feuerstein, JJ., concur.