■ In the Matter of the Estate of ALFRED R. SATIN, Deceased. HAROLD SATIN, Appellant; MARVIN L. TENZER, P. C., Respondent. [696 NYS2d 223] —In a proceeding for the judicial settlement of an estate, the executor appeals from so much of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated May 21, 1998, as denied his motion for partial summary judgment dismissing the second objection filed by his former counsel seeking a finder's fee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by Marvin L. Tenzer personally, and the motion is granted.

It is well settled that " '[a]n attorney who engages in misconduct by violating the Disciplinary Rules is not entitled to legal fees for any services rendered' " (*Matter of Winston,* 214 AD2d 677; *Shelton v Shelton,* 151 AD2d 659; *see also, Pessoni v Rabkin,* 220 AD2d 732; *Brill v Friends World Coll.,* 133 AD2d 729). The record reveals that Marvin L. Tenzer, knowing that the executor was represented by counsel who had advised against executing a finder's fee agreement, violated the Code of Professional Responsibility DR 7-104 (A) (22 NYCRR 1200.35 [a]) by secretly meeting with and inducing the executor to execute the finder's fee agreement. As a result, the Surrogate's Court should have granted the executor's motion for partial summary judgment dismissing the second objection filed by Tenzer's professional corporation for a finder's fee. Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.