■ In the Matter of RAHEEM H., a Person Alleged to be a Juvenile Delinquent, Appellant. [713 NYS2d 693] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Fitzmaurice, J.), dated November 5, 1998, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree and menacing in the second degree, and (2) an order of disposition of the same court, dated November 13, 1998, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him in the custody of the Office of Children and Family Services for three years.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order is not appealable as of right and leave to appeal has not been granted (*see,* Family Ct Act § 365.1 [1]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The record does not support the appellant's claim that the presentment agency failed to turn over *Brady* and *Rosario* material (*cf., Brady v Maryland,* 373 US 83; *People v Rosario,* 9 NY2d 286; *People v Bailey,* 200 AD2d 677; *People v McBayne,* 160 AD2d 735; *see also, People v Figueroa,* 213 AD2d 669).

Viewing the evidence in the light most favorable to the presentment agency (*see, Matter of David H.,* 69 NY2d 792, 793; *Matter of Donnell T.,* 265 AD2d 330), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree (*see,* Penal Law §§ 160.00, 160.15 [3]) and menacing in the second degree (*see,* Penal Law § 120.14 [1]). Resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see, Matter of Donnell T., supra; Matter of Frank Z.,* 259 AD2d 705; *Matter of Jamarl J.,* 258 AD2d 583; *Matter of Haile B.,* 252 AD2d 497; *Matter of Nnennya P.,* 247 AD2d 476; *Matter of Joseph J.,* 205 AD2d 776). Its determination should be accorded great weight on ap-

peal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Donnell T., supra; Matter of Nnennya P., supra*). Upon the exercise of our factual review power, we are satisfied that the court's determination was not against the weight of the evidence (*cf., CPL 470.15 [5]*).

The appellant's remaining contentions are without merit. Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.