■ EILEEN QUINN, Plaintiff, v DAVID W. WALSH, Defendant. RONALD M. SICKMEN, Nonparty Appellant; MARK A. MUSACHIO, Nonparty Respondent. [795 NYS2d 647]—

In an action to recover damages for personal injuries, Ronald M. Sickmen, the former attorney for the plaintiffs, appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 7, 2004, which granted the motion of Mark A. Musachio, attorney of record for the plaintiffs, for an award of the entire attorney's fee following settlement of the underlying personal injury action.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly granted the respondent's motion for an award of the entire attorney's fee following settlement of the underlying personal injury action. "[A]n attorney who engages in misconduct by violating the Disciplinary Rules is not entitled to legal fees for any services rendered" (*Matter of Winston*, 214 AD2d 677, 677 [1995] [internal quotations omitted]; *see Pessoni v Rabkin*, 220 AD2d 732 [1995]; *Shelton v Shelton*, 151 AD2d 659 [1989]; *Brill v Friends World Coll.*, 133 AD2d 729 [1987]). Here, the appellant violated Code of Professional Responsibility DR 5-105 (a) (22 NYCRR 1200.24 [a]) by representing both the driver of the automobile involved in a collision and a passenger in that vehicle. Such multiple representation of parties with a conflicting interest violates the Disciplinary Rules (*see Alcantara v Mendez*, 303 AD2d 337 [2003]; *Sidor v Zuhoski*, 261 AD2d 529 [1999]; *Pessoni v Rabkin, supra*). Thus, the Supreme Court correctly concluded that the appellant was not entitled to an attorney's fee for services rendered during the period of his representation.

The appellant's remaining contentions are without merit. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.