■ BYRNAM WOOD, LLC, Appellant, v DECHERT LLP, Respondent. [856 NYS2d 566]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered October 24, 2007, dismissing the complaint pursuant to an order, same court and Justice, entered October 1, 2007, which, in a breach of contract action, granted defendant's motion for summary judgment and denied plaintiff's cross motion for partial summary judgment, unanimously affirmed, with costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The plain words of the parties' agreement do not support plaintiff's interpretation that the agreement was a retainer agreement entitling it to a $225,000 fixed fee whether or not defendant asked it to perform any services so long as plaintiff was ready, willing and able to perform the services delineated in the agreement. A reading of the agreement as a whole "so as to give each part meaning" (*Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 533 [1996]), demonstrates that its purpose was for plaintiff, which is in the business of negotiating leases for tenants worldwide, to aid defendant in either negotiating a new lease with its existing landlord, or negotiating a lease for new premises. As part of the process, plaintiff would, among other things, review necessary documents, obtain specialists, formulate a negotiating position, and locate and inspect new properties. It can therefore be concluded that plaintiff was performing brokerage services.

Moreover, the plain words of the agreement establish further that plaintiff's interpretation of the agreement as a retainer agreement is commercially unreasonable, and contrary to the purpose of the agreement (*see Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170 [2003]). It is apparent from the agreement that the parties changed the standard brokerage commission from a percentage-based amount to a fixed fee, and that the fixed fee was otherwise contemplated to be paid the same way a standard brokerage commission would be paid, i.e., upon successful negotiation of the lease. We also note that the facts that plaintiff, throughout the eight months of its engagement, and upon termination of its services, never asked defendant for a fee, never sent an invoice for a fee, and never stated that a fee was due and owing, contradict its position that it was entitled to be compensated for its services regardless of whether

a lease was negotiated. Even if the agreement could be deemed ambiguous, the aforementioned extrinsic evidence would compel the same result. Concur—Mazzarelli, J.P., Andrias, Friedman and Sweeny, JJ.