■ JAY DEITZ & ASSOCIATES OF NASSAU COUNTY, LTD., et al., Respondents, v BRESLOW & WALKER, LLP, et al., Appellants. [59 NYS3d 443]—

Appeals from (1) an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered February 27, 2015, and (2) a judgment of that court entered April 3, 2015. The order, insofar as appealed from, granted the plaintiffs leave to renew their prior cross motion and, upon renewal, granted those branches of the prior cross motion which were for summary judgment on the first cause of action and dismissing the counterclaims. The judgment awarded the plaintiffs the principal sum of $65,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiffs retained the defendant attorney to help them find a buyer for the plaintiff company, and to represent them in the sale of the company if a buyer was found. For four years, the attorney undertook to locate a buyer for the company. Thereafter, in January 2008, the parties entered into a retainer agreement which provided that the defendant law firm would bill the plaintiffs on a transaction basis, based on a percentage of the ultimate purchase price, contingent upon a sale of the business closing. Certain payments were to be due upon specified events in the sale process, with the balance of the fee due upon closing. The agreement provided that the fee "takes into account the role we have played, at your request, in obtaining a buyer for the Company." In the event a sale did not close, the law firm would be limited to time charges for performed work.

In March 2013, the plaintiff company entered into a letter of intent with a prospective buyer, and the plaintiffs paid the de-

fendants $65,000 in accordance with the retainer agreement. That sale was not completed. By letter dated December 3, 2013, the plaintiffs discharged the defendants for cause and demanded the return of the $65,000 paid on the ground that the defendants improperly acted as both attorney and broker with regard to the potential sale of the business. The defendants refused to return the fees and invoiced the plaintiffs for their time charges, less the $65,000 previously paid.

The plaintiffs commenced this action alleging, inter alia, breach of fiduciary duty, seeking to recover the paid fees. The defendants asserted two counterclaims to recover hourly fees under the retainer agreement or in quantum meruit. The defendants moved for summary judgment dismissing the complaint and on the issue of liability on their counterclaims. The plaintiffs cross-moved for summary judgment on the complaint and dismissing the counterclaims. The Supreme Court denied the motion and the cross motion. The defendants thereafter moved for leave to reargue their prior motion. The plaintiffs cross-moved for leave to renew their prior cross motion based on alleged admissions made by the defendants in their reargument motion and a recently issued ethics opinion of the New York State Bar Association Committee on Professional Ethics, which opined that it is a nonconsentable conflict of interest under the Rules of Professional Conduct for a lawyer to act as both a lawyer and a broker on the same transaction where the broker fee is contingent on the sale closing. The Supreme Court denied the defendants' motion and granted the plaintiffs leave to renew. Upon renewal, the court granted those branches of the plaintiffs' prior cross motion which were for summary judgment on the first cause of action alleging breach of fiduciary duty and dismissing the counterclaims. The court determined that the retainer agreement was unenforceable because it created an impermissible conflict of interest. Further, the court found that the defendants were not entitled to any fees because of the violation of the Rules of Professional Conduct, and the plaintiffs were entitled to summary judgment on their breach of fiduciary duty cause of action to recover the fees already paid. Judgment was then entered in favor of the plaintiffs and against the defendants in the principal sum of $65,000. The defendants appeal.

A motion for leave to renew is addressed to the sound discretion of the Supreme Court (*see Quinones v 9 E. 69th St., LLC*, 132 AD3d 751, 752 [2015]). Under the circumstances of this case, the court providently exercised its discretion in granting the plaintiffs leave to renew their prior cross motion (*see generally Central Mtge. Co. v McClelland*, 119 AD3d 885, 886 [2014]).

The relationship of client and counsel is one of "unique fiduciary reliance" which imposes on the attorney "[t]he duty to deal fairly, honestly and with undivided loyalty . . . including maintaining confidentiality, avoiding conflicts of interest, operating competently, safeguarding client property and honoring the client's interests over the lawyer's" (*Matter of Cooperman*, 83 NY2d 465, 472 [1994]). A lawyer is strictly forbidden from undertaking a representation where the lawyer possesses a personal, business, or financial interest at odds with that of his or her client (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [2]; former Code of Professional Responsibility DR 5-101 [a] [22 NYCRR 1200.20 (a)]; *Greene v Greene*, 47 NY2d 447, 451-452 [1979]).

Rule 1.7 (a) (2) of the Rules of Professional Conduct provides that "a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests." An attorney may not act as both an attorney and a broker in the same transaction where the broker fee is contingent upon the completion of a sale (*see Matter of Pine*, 194 AD2d 156 [1993]; NY St Bar Assn Comm on Prof Ethics Ops 1015 [2014]; 958 [2013]; 845 [2010]; 752 [2002]; 619 [1991]; 536 [1981]; 493 [1978]; 340 [1974]; 291 [1973]; 208 [1971]). "The rationale is that the broker's interest in closing the transaction interferes with the lawyer's ability to render independent advice with respect to the transaction" (NY St Bar Assn Comm on Prof Ethics Op 752 [2002]). The lawyer's "personal interest as broker should not be allowed to dilute his [or her] loyalty to his [or her] client" (NY St Bar Assn Comm on Prof Ethics Op 340 [1974]). Thus, "under Rule 1.7 it remains a nonconsentable conflict for an attorney to act as both a lawyer and broker in the same transaction" pursuant to a fee arrangement which provides for a contingent broker fee (NY St Bar Assn Comm on Prof Ethics Op 845 [2010]; *see* NY St Bar Assn Comm on Prof Ethics Op 1015 [2014]).

Here, the plaintiffs established, prima facie, that the defendants acted as both attorney and broker in connection with the possible sale of the plaintiff company (*see Byrnam Wood, LLC v Dechert LLP*, 50 AD3d 455, 456 [2008]), and that the retainer agreement provided for a contingency fee to compensate them in the event a sale of the company was completed. In opposition, the defendants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly determined

that the retainer agreement is unenforceable because it created a nonconsentable conflict of interest under the Rules of Professional Conduct (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [2]; NY St Bar Assn Comm on Prof Ethics Op 1015 [2014]; *Matter of Cooperman*, 83 NY2d at 475; *Law Off. of Howard M. File, Esq., P.C. v Ostashko*, 60 AD3d 643, 644 [2009]). The fact that the defendants are seeking to recover under the hourly fee provision of the retainer agreement, instead of the contingency fee provision, does not alter this result. The conflict created by the contingent fee existed during the representation, regardless of whether a sale of the business was ultimately completed. Accordingly, upon renewal, the Supreme Court properly awarded the plaintiffs summary judgment dismissing the defendants' first counterclaim to recover fees under the retainer agreement.

An attorney who violates a disciplinary rule may be discharged for cause and is not entitled to fees for any services rendered (*see Matter of Montgomery*, 272 NY 323, 326 [1936]; *Schultz v Hughes*, 109 AD3d 895, 897 [2013]; *Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 699 [2011]; *Quinn v Walsh*, 18 AD3d 638 [2005]; *Matter of Winston*, 214 AD2d 677 [1995]; *Brill v Friends World Coll.*, 133 AD2d 729 [1987]; *see generally Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 63 [2007]). Here, the plaintiffs discharged the defendants for cause based on their nonconsentable conflict of interest in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.7 (*cf. Matter of Cooperman*, 83 NY2d at 475). Thus, upon renewal, the Supreme Court properly awarded the plaintiffs summary judgment dismissing the defendants' second counterclaim to recover in quantum meruit. Further, although the first cause of action is styled as one to recover damages for breach of fiduciary duty, it does not seek damages allegedly caused by such a breach, but merely for disgorgement of fees already paid (*cf. Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 6 [2008]; *Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 197 [2003]). Accordingly, upon renewal, the Supreme Court properly awarded the plaintiffs summary judgment on the first cause of action, in effect, to disgorge fees which had already been paid (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 12-13 [2008]). Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.