Saint Annes Dev. Co. v Batista (2018 NY Slip Op 06956)





Saint Annes Dev. Co. v Batista


2018 NY Slip Op 06956


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-02516
 (Index No. 67664/14)

[*1]Saint Annes Development Company, etc., appellant,
v
Paul Batista, respondent.


Brown & Gould, LLP, New York, NY (Ian G. Thomas and Steven Gould of counsel), for appellant.
Paul Batista, Sag Harbor, NY, respondent pro se.



DECISION & ORDER
In an action to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated March 9, 2016. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, as assignee of claims from Global Golf, Inc. (hereinafter Global Golf), commenced this action against the defendant, an attorney, to recover certain attorneys fees paid to the defendant by Global Golf's escrow agent and to recover punitive damages for the defendant's alleged breach of its fiduciary duty to Global Golf. The plaintiff alleged that the defendant simultaneously represented Global Golf and other clients in various related litigation while the clients had conflicting interests, thereby breaching its fiduciary to Global Golf. The defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that there was no conflict of interest between Global Golf and the other clients he represented in the subject litigation. The plaintiff cross-moved for summary judgment on the complaint, arguing that the evidence established that the defendant's joint representation in the underlying litigation was tainted by multiple conflicts of interest. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross motion. The plaintiff appeals.
The relationship of client and attorney is one of "unique fiduciary reliance" which imposes on the attorney "[t]he duty to deal fairly, honestly and with undivided loyalty . . . including maintaining confidentiality, avoiding conflicts of interest, operating competently, safeguarding client property and honoring the clients' interests over the lawyer's" (Matter of Cooperman, 83 NY2d 465, 472; see Jay Deitz & Assoc. of Nassau County, Ltd. v Breslow & Walker, LLP, 153 AD3d 503, 505). "[W]ith rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the [*2]obligations of the professional relationship" (Matter of Kelly, 23 NY2d 368, 376; see Cardinale v Golinello, 43 NY2d 288, 296; Aversa v Taubes, 194 AD2d 579, 580). "Thus, any act of disloyalty by counsel will . . . comprise a breach of the fiduciary duty owed to the client" (Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 9; see Greene v Greene, 47 NY2d 447, 451-452). Further, an attorney who engages in misconduct by violating the rule against representing clients with conflicting interests (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7) is not entitled to legal fees for any services rendered (see Jay Deitz & Assoc. of Nassau County, Ltd. v Breslow & Walker, LLP, 153 AD3d at 506; Doviak v Finkelstein & Partners, LLP, 90 AD3d 696, 699; Quinn v Walsh, 18 AD3d 638; Matter of Winston, 214 AD2d 677).
Here, the defendant established, prima facie, that there was no conflict of interest between Global Golf and the other clients in the subject litigation, and that he therefore did not breach his fiduciary duty to Global Golf (cf. Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7; Quinn v Walsh, 18 AD3d 638). In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of a conflict (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the complaint and denying the plaintiff's cross motion for summary judgment on the complaint.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court