Baugher v Cullen & Dykman, LLP (2019 NY Slip Op 04904)





Baugher v Cullen & Dykman, LLP


2019 NY Slip Op 04904


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-12393
2016-12396
2017-04822
 (Index No. 603171/16)

[*1]Jonathon Kirk Baugher, etc., appellant,
v
Cullen and Dykman, LLP, respondent.


Joshua L. Seifert PLLC, New York, NY, for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Meredith D. Belkin and Marian C. Rice of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of fiduciary duty, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered November 10, 2016, (2) a judgment of the same court entered November 14, 2016, and (3) an order of the same court entered April 3, 2017. The order entered November 10, 2016, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The judgment entered November 14, 2016, upon the order entered November 10, 2016, is in favor of the defendant and against the plaintiff dismissing the complaint. The order entered April 3, 2017, denied the plaintiff's motion for leave to reargue his opposition to that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
ORDERED that the appeals from the orders entered November 10, 2016, and April 3, 2017, respectively, are dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action is denied, the complaint is reinstated, and the order entered November 10, 2016, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered November 10, 2016, must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]). The appeal from the order entered April 3, 2017, denying the plaintiff's motion for leave to reargue, also must be dismissed, as no appeal lies from an order denying reargument (see Gentry v Mean, 166 AD3d 583).
The plaintiff commenced this action in 2016 to recover legal fees paid by the plaintiff's decedent to the defendant, a law firm, for legal services performed between January 2007 and August 2009, on the ground that the defendant's representation of the decedent, the decedent's estate, and nonparty W.S. Wilson Corporation (hereinafter Wilson) during that period of time violated rule 1.7 of the Rules of Professional Conduct (22 NYCRR 1200.0). The complaint alleged that the plaintiff's decedent retained the defendant in 2005 to, among other things, analyze her ownership interest in Wilson, including her right to certain retained earnings in the sum of $20 million. The complaint further alleged that, in January 2007, the defendant began acting as Wilson's corporate counsel, and, beginning in 2008, performed legal services for Wilson regarding the decedent's right to those retained earnings. The complaint also alleged that the decedent died in November of 2008, and that in 2009 the plaintiff, represented by the defendant, commenced a turnover proceeding against Wilson on behalf of the decedent's estate for the retained earnings. The complaint alleged that Wilson moved in that proceeding to disqualify the defendant from acting as counsel for the decedent's estate, and that, by order dated January 18, 2012, the Surrogate's Court, inter alia, disqualified the defendant from representing the decedent's estate in that proceeding on the ground that its prior representation of the decedent was in conflict with its prior representation of Wilson.
The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, arguing that the plaintiff could not recoup legal fees absent actual damages sustained as a result of the alleged misconduct. By order entered November 10, 2016, the Supreme Court determined that the complaint failed to state a cause of action, and granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. By judgment entered November 14, 2016, the complaint was dismissed. In an order entered April 3, 2017, the court denied the plaintiff's motion for leave to reargue his opposition to that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The plaintiff appeals.
We disagree with the Supreme Court's determination granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. On a motion to dismiss pursuant to CPLR 3211, the complaint is to be afforded a liberal construction (see CPLR 3026). "In reviewing a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (Mendelovitz v Cohen, 37 AD3d 670, 671; see Belling v City of Long Beach, 168 AD3d 900).
"An attorney who violates a disciplinary rule may be discharged for cause and is not entitled to fees for any services rendered" (Jay Dietz & Assoc. of Nassau County, Ltd. v Breslow & Walker, LLP, 153 AD3d 503, 506; see Matter of Montgomery, 272 NY 323, 326; Saint Annes Dev. Co. v Batista, 165 AD3d 997, 998; Doviak v Finkelstein & Partners, LLP, 90 AD3d 696, 699; Quinn v Walsh, 18 AD3d 638; Brill v Friends World Coll., 133 AD2d 729). A cause of action for forfeiture of legal fees based on an attorney's discharge for cause due to ethical violations may be maintained independent of a cause of action alleging legal malpractice or breach of fiduciary duty, and does not require proof or allegations of damages (see Jay Dietz & Assoc. of Nassau County, Ltd. v Breslow & Walker, LLP, 153 AD3d at 506; Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1).
Here, the complaint seeks forfeiture of legal fees paid to the defendant between January 2007 and August 2009 in connection with the plaintiff's decedent's claim against Wilson for retained earnings. The complaint alleges that the decedent retained the defendant in January 2007 to recoup the retained earnings from Wilson, that the defendant also represented and performed legal work for Wilson on that issue between 2008 and 2009, that the interests of the decedent and Wilson on that issue were adverse, and that the dual representation violated rule 1.7 of the Rules of Professional Conduct (22 NYCRR 1200.0). The complaint further alleged that, as a result of its previous dual representation, the defendant was disqualified from representing the decedent's estate [*2]in a 2009 turnover proceeding against Wilson to collect the retained earnings. Contrary to the determination of the Supreme Court, these allegations are sufficient to state a viable cause of action to disgorge legal fees (see Jay Dietz & Assoc. of Nassau County, Ltd. v Breslow & Walker, LLP, 153 AD3d at 506).
Accordingly, we reverse the judgment, reinstate the complaint, and deny that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court