22-705-cv
*Federal Insurance Company v. Frederick M. Mintz, et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> REENA RAGGI,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

FEDERAL INSURANCE COMPANY,

*Plaintiff,*

v.                                                                              22-705

FREDERICK M. MINTZ, ALAN P. FRAADE,

*Defendants-Appellants,*

PIXARBIO CORPORATION, FRANCIS REYNOLDS, KENNETH STROMSLAND, BALLARD SPAHR, LLP, CARTER, LEDYARD & MILBURN LLP, CONRAD O'BRIEN, P.C., OBERMAYER, REBMANN MAXWELL & HIPPEL, LLP, EVIDOX, LLC, XCELLENCE, INC., D/B/A XACT DATA DISCOVERY,

*Defendants-Appellees,*

MINTZ FRAADE LAW FIRM P.C.,

*Defendant.*[*]

_____

FOR DEFENDANTS-APPELLANTS: ALAN P. FRAADE, pro se, New Rochelle, NY; Frederick M. Mintz, pro se, *on the briefs*, Noblesville, IN.

FOR DEFENDANT-APPELLEE BALLARD SPAHR, LLP: DAVID L. AXELROD (Burt M. Rublin, *on the brief*), Ballard Spahr, LLP, Philadelphia, PA; Marjorie J. Peerce, *on the brief*, Ballard Spahr, LLP, New York, NY.

FOR DEFENDANTS-APPELLEES CARTER LEDYARD & MILBURN LLP AND KENNETH STROMSLAND: Alan S. Lewis, *on the brief*, Carter Ledyard & Milburn LLP, New York, NY.

FOR DEFENDANT-APPELLEE OBERMAYER REBMANN MAXWELL & HIPPEL LLP: Matthew S. Olesh, Mathieu Shapiro, *on the brief*, Obermayer Rebmann Maxwell & Hippel LLP, Philadelphia, PA.

FOR DEFENDANT-APPELLEE XCELLENCE, INC. D/B/A XACT DATA DISCOVERY: James Harry Oliverio, *on the brief*, McCusker, Anselmi, Rosen & Carvelli, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Defendants-Appellants Frederick Mintz ("Mintz") and Alan Fraade ("Fraade"), standing in interest for Defendant Mintz Fraade Law Firm, P.C. ("Mintz Fraade"), are former attorneys proceeding pro se. In this interpleader action brought by Plaintiff Federal Insurance Company ("Federal"), Mintz and Fraade appeal the district court's March 3, 2022 order granting Defendant-Appellee Ballard Spahr, LLP's motion for summary judgment to the extent that Mintz Fraade was declared to have no claim to the remaining proceeds of an insurance policy ("the Policy") issued to PixarBio Corporation ("PixarBio") by Federal. Mintz Fraade's alleged claim to the Policy proceeds stems from legal services performed for PixarBio during a Securities and Exchange Commission ("SEC") investigation into the company. The district court held that an unwaivable conflict of interest prevented Mintz Fraade from recovering under the Policy because the SEC informed Mintz Fraade that it was interested in the lawyers' own conduct and thus Mintz Fraade had a personal stake in the SEC investigation. For the reasons set forth below, we affirm the district court's order. We assume the parties' familiarity with the remaining facts and procedural history, as well as the issues on appeal.

\*　　\*　　\*

We review a district court's grant of summary judgment de novo, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences against the movant. *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Kee*, 12 F.4th at 158 (citation omitted).

3

"[I]t is well recognized that interpleader is an equitable remedy." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *see also Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 151 (2d Cir. 2016) ("It is well established that the interpleader statute is 'remedial and to be liberally construed,' particularly to prevent races to judgment and the unfairness of multiple and potentially conflicting obligations." (citation omitted)); *Marine Indem. Ins. Co. of Am. v. Lockwood Warehouse & Storage*, 115 F.3d 282, 287 (5th Cir. 1997) ("In determining the order of distribution of the interpleaded funds, we sit as a court of equity, and possess the remedial flexibility of a chancellor in shaping our decree so as to do complete equity between the parties." (citation omitted)). Here, the district court acted well within its discretion in considering Mintz Fraade's ethical violations to determine the distribution of the interpleaded funds, and the parties do not dispute that New York ethical rules are relevant.

The New York Rules of Professional Conduct prohibit a lawyer from representing a client if "a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of the client will be adversely affected by the lawyer's own financial, business, property or other personal interests." N.Y. R. Prof'l Conduct § 1.7(a). Thus, "[a] lawyer is strictly forbidden from undertaking a representation where the lawyer possesses a personal, business, or financial interest at odds with that of his or her client." *Jay Deitz & Assocs. of Nassau Cnty., Ltd. v. Breslow & Walker, LLP*, 153 A.D.3d 503, 505 (2d Dep't 2017). As a consequence, "[a]n attorney who violates a disciplinary rule may be discharged for cause and is not entitled to fees for any services rendered." *Id.* at 506.

Here, Mintz Fraade's representation of PixarBio in relation to the SEC investigation, while

4

the SEC was also interested in the lawyers' own conduct in the same scheme, was an unwaivable conflict under Rule 1.7(a)(2). *See United States v. Fulton*, 5 F.3d 605, 609 (2d Cir. 1993) ("It is well-settled in this circuit that an actual conflict of interest exists when an attorney engages in wrongful conduct related to the charge for which the client is on trial."); *United States v. Jones*, 381 F.3d 114, 119–20 (2d Cir. 2004) (finding an unwaivable conflict when the government represented that an attorney and members of his law firm were likely to become the subjects of a grand jury investigation).

Mintz and Fraade's argument that the district court relied on various errors of fact is without merit. Mintz and Fraade argue that their firm was never on notice of the SEC's investigation into its conduct. But the record is clear that the SEC repeatedly informed Mintz Fraade that a conflict could exist as to both the firm's representation of multiple PixarBio clients and the firm's self-interest in the outcome of the investigation based on the firm's own potential liabilities. Thus, the district court correctly concluded that there was no genuine dispute as to the fact that Mintz Fraade was informed of the SEC investigation into its conduct and thus of an unwaivable conflict with respect to its representation of PixarBio.

\* \* \*

We have considered Mintz and Fraade's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5